SHIELDS v. MARSHALL et al.

No. 33359. Sept. 28, 1949.

Rehearing Denied October 10, 1949.

*210 P. 2d 660.*

Alma E. Warren Shields, of Tulsa, for plaintiff in error.

Bush, Gable & Gotwals, of Tulsa, for W. H. Marshall, W. Shoffstall and V. R. Bays.

Charles R. Bostick, Remington Rogers, and A. M. Widdows, all of Tulsa, for Board of Commissioners, Building

Inspector, and Board of Adjustment of Tulsa.

ARNOLD, V. C. J. It appears from the record that in 1940, W. H. Marshall, joined by his wife, platted Marshall Heights Second addition to the city of Tulsa and dedicated the streets shown on the plat thereof to the public and prescribed certain conditions as to buildings in said addition. Marshall and his wife also executed a restriction agreement containing certain covenants which were to run with the land and which were to stand in force and effect until 1965.

On July 16, 1947, after a hearing pursuant to notice, the City Planning Commission of the city of Tulsa sustained the application of W. H. Marshall and W. Shoffstall for a rezoning of lots 9 and 10 in block 3 of Marshall Heights Second addition from a U-1 to a U-3 classification over the written protest and objection of Alma E. Warren Shields, acting for herself and in behalf of others similarly situated.

On July 28, 1947, Alma E. Warren Shields commenced suit in the district court of Tulsa county against W. H. Marshall, W. Shoffstall, the board of commissioners, the building inspector and the board of adjustment of the city of Tulsa to restrain and enjoin further proceedings in the matter of rezoning the above lots. Upon the filing and presentation of her petition, the district court issued a temporary restraining order, which upon hearing was dissolved as to the city of Tulsa. The board of commissioners then passed Ordinance No. 5336 rezoning lot 9 in block 3 and Ordinance No. 5337 rezoning lot 10 in block 3, and Alma E. Warren Shields thereupon filed an amendment to her petition by which she made additional allegations and pleaded certain instruments as exhibits thereto, among which was the restriction agreement executed by Marshall and wife and upon which plaintiff based her right to injunctive relief.

The city officials filed a demurrer to the petition as amended and the individual defendants filed their separate demurrer thereto.

On a hearing had upon these demurrers, the district court sustained both and dismissed plaintiff's action. Plaintiff elected to stand upon her petition as amended and has brought the case here for review.

Paragraph 3 of plaintiff's amendment to her petition, insofar as material to be considered here, reads:

"That the Restriction Agreement executed by W. H. Marshall and his wife, Dona Marshall, to the public, filed for record in the office of the county clerk within and for Tulsa County, Oklahoma, on March 26, 1940, in Book 1369, at page 65, copy of which is attached hereto and made a party hereof, marked Exhibit 'C', restricts all lots in Marshall Heights Second Addition until January 1, 1965."

Paragraph (a) of the restriction agreement thus made a part of plaintiff's petition as amended reads:

"(a) All lots in the tract shall be known and described as residential lots except Lots 9 and 10, Block 3, and Lots 9 and 10, in Block 4, Marshall Heights, and Lots 9 and 10, Block 3, and Lots 9 and 10, Block 4 in Marshall Heights Second. No structures shall be erected, altered, placed or permitted to remain on any residential building plot other than one detached single-family dwelling not to exceed two and one-half stories in height and a private garage for not more than two cars and servant's quarters."

It is clearly apparent that paragraph (a) of this restriction agreement contradicts the allegations contained in paragraph 3 of plaintiff's amended petition by expressly excluding therefrom the lots here involved. It is, therefore, apparent that upon the face of the record at the time the trial court acted upon said demurrers, it disclosed an admission by plaintiff of the existence of the exception in the restrictive covenant as to the lots here involved, and

this admission in plaintiff's pleading was conclusive against her allegation in paragraph 3 of her amended petition that these particular lots were restricted to residential purposes. With this admission by plaintiff in contradiction of the allegation of her amended petition, we think the action of the trial court in sustaining the separate demurrers of defendants was correct.

Judgment affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, and O'NEAL JJ., concur.